IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | Criminal No. 05-12 Erie |
| ) | |
| SHAUN LANAIL BENNAFIELD ) | |

## DEFENDANT'S POSITION WITH RESPECT TO SENTENCING FACTORS

AND NOW, comes the defendant, Shaun Lanail Bennafield, by his attorney, Thomas W. Patton, Assistant Federal Public Defender, and respectfully files his Position With Respect To Sentencing Factors. In support thereof, counsel states:

Mr. Bennafield agrees with the presentence report that under the Sentencing Guidelines his offense level of 29 and criminal history category of V results in a suggested imprisonment range of 140-175 months. When the Court looks closely at the nature of Mr. Bennafield's prior convictions, and the sentences he received on those sentences, it will see that a sentence within the suggested guideline imprisonment range is greater than necessary to achieve the goals of sentencing as set forth in 18 U.S.C. § 3553(a)(2).

The Court is no doubt aware of the broad ramifications of United States v. Booker for this proceeding. The sentencing guideline range is no longer binding on the Court, but is only one of five factors to be considered in determining the sentence. United States v. Booker, 125 S. Ct. 738, 764-65 (2005). The other four factors are (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the kinds of sentence available; (3) the need to avoid unwarranted sentencing disparity; and (4) the need to provide restitution. Id.; 18 U.S.C. §

3553(a)(1), (a)(3), (a)(6)-(7). The Court must also consider the nature and circumstances of the offense, and the history and characteristics of the defendant, the kinds of sentences available, the sentence recommended by the sentencing guidelines, the need to avoid unwarranted disparities among defendants with similar records who have been found guilty of similar conduct, and the need to provide restitution to victims of the offense. 18 U.S.C. § 3553(a)(1), (3), (4),(5),(6), and (7).

In considering the Section 3553(a) factors, the sentencing guidelines are to be given no more or less weight than any other factor. See United States v. Jaber, 362 F. Supp. 2d 365, 370-76 (D. Mass. 2005) (providing comprehensive analysis of why sentencing guidelines do not reflect statutory purposes of punishment); United States v. Ranum, 353 F. Supp. 2d 984, 987 (E.D. Wis. 2005) (same).

Perhaps even more important, however, is that Booker establishes a new, independent limit on the sentence that may be imposed. The primary sentencing mandate of Section 3553(a) states that courts must impose the minimally-sufficient sentence to achieve the statutory purposes of punishment—justice, deterrence, incapacitation, and rehabilitation:

> The court shall impose a sentence **sufficient, but not greater than necessary**, to comply with the purposes set forth in [18 U.S.C. § 3553(a)(2)].

18 U.S.C. § 3553(a) (emphasis added). This so-called "parsimony provision" is not simply a factor to be considered in determining sentence; it represents a cap above which the Court is statutorily prohibited from sentencing—even when a greater sentence is recommended by the sentencing guidelines. See United States v. Denardi, 892 F.2d 269, 276-77 (3d Cir. 1989) (Becker, J., concurring in part, dissenting in part).

The factor that separates Mr. Bennafield's case from that of the ordinary defendant in

criminal history category V is that he has served a grand total of one year in prison. Mr. Bennafield has nine prior convictions for which he receives criminal history points. The combined jail time Mr. Bennafield has served for these convictions is just under 16 months. Mr. Bennafield receives two criminal history points for an offense in which he possessed less than one gram of cocaine. He receives four criminal history points for concurrent sentences of nine months imprisonment on two cases in which he possessed less than ten grams of cocaine total. Mr. Bennafield also receives two criminal history points for an offense in Erie in which he pled guilty to possessing seven ounces of marijuana. The rest of Mr. Bennafield's criminal history points come from offenses in which he either pled guilty to possessing marijuana or selling less than gram amounts of cocaine. Undoubtedly, the number of convictions is cause for concern. However, when this Court is determining what sentence will be sufficient to meet the goals of sentencing, it can not ignore the fact that the longest sentence Mr. Bennafield has ever served is nine months imprisonment.

The theory behind the criminal history component of the guidelines is that repeat offenders who do not respond to punishment meted out by the criminal justice system must be treated more harshly than first time offenders. "General deterrence of criminal conduct dictates that a clear message be sent to society that repeated criminal behavior will aggravate the need for punishment with each recurrence." U.S.S.G. Ch.4, Pt.A, intro. comment. This is true because "[r]epeated criminal behavior is an indicator of a limited likelihood of successful rehabilitation." Id.

A person who has been convicted of a crime, punished, and then re-offends, has shown that he was not adequately deterred or rehabilitated by his experience with the criminal justice system. Such a person should be punished more harshly in his second case in the hopes that a stiffer sentence may deter the individual from committing future crimes. But, the stiffer sentence meted out to the

3

repeat offender should be proportional to the earlier sentences that failed to deter. The Second Circuit explained this point in United States v. Mishoe, 241 F.3d 214, 220 (2nd Cir. 2001).

> Obviously, a major reason for imposing an especially long sentence upon those who have committed prior offenses is to achieve a deterrent effect that the prior punishments failed to achieve. That reason requires an appropriate relationship between the sentence for the current offense and the sentences, particularly the times served, for the prior offenses. If, for example, a defendant twice served five or six years and thereafter committed another serious offense, a current sentence might not have an adequate deterrent effect unless it was substantial, perhaps fifteen or twenty years. Conversely, if a defendant served no time or only a few months for the prior offenses, a sentence of even three or five years for the current offense might be expected to have the requisite deterrent effect.

Mr. Bennafield is facing a mandatory minimum sentence of ten years. That sentence is more than **ten times longer** than the only jail sentence Mr. Bennafield has previously served. Surely increasing prior sentences by a factor of ten will sufficiently deter both Mr. Bennafield and others from committing similar crimes. There must be some rationality in sentencing. Mr. Bennafield's failure to rehabilitate himself following his prior convictions and sentences calls for a lengthy sentence. The mandatory minimum sentence of ten years achieves that goal. A sentence beyond ten years is greater than necessary to achieve the goals of sentencing and would violate § 3553(a).

There is one more aspect of Mr. Bennafield's case that is worthy of note. Mr. Bennafield was originally charged with this offense in the Erie County Court of Common Pleas. Mr. Bennafield retained Attorney David Ridge to represent him on the charges and Attorney Ridge had negotiated a plea agreement with the Commonwealth of Pennsylvania at a time when neither Mr. Ridge nor the Commonwealth were aware that the United States Attorney's Office had decided to charge Mr. Bennafield federally. Under the plea agreement negotiated in the state case, Mr. Bennafield was facing a sentence in the range of three to six years or, possibly, five to ten years. While the sentence

Mr. Bennafield faced in state court is not binding in any way on this Court, it can be appropriate to consider the state court sentence when evaluating the sentencing factors set forth in § 3553(a)(2). United States v. Clark, 434 F.3d 684, 687-88 (4th Cir. 2006) (while disparity between state and federal sentences is not a valid factor for federal court to consider, state court sentence may be useful in considering factors set forth in §3553(a)). In this case, the sentence negotiated, but not consummated, in state court helps shed light on the sentence that is sufficient, but not greater than necessary, to promote the goals of sentencing.

    WHEREFORE, defendant, Shaun Lanail Bennafield, respectfully requests that this Honorable Court impose a sentence of ten years of imprisonment which is sufficient, but not greater than necessary, to punish him for his offense.

    Respectfully submitted,

/s/ Thomas W. Patton  
Thomas W. Patton  
Assistant Federal Public Defender  
PA I.D. No. 88653