IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.   )<br>)<br>SHAUN LANAIL BENNAFIELD  )<br>a/k/a Ken    )<br>a/k/a Shooter   ) | Criminal No. 05-12 Erie |

**GOVERNMENT'S RESPONSE TO**
**DEFENDANT'S POSITION WITH RESPECT TO SENENCING FACTORS**

AND NOW comes the United States of America, by and through its counsel, Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, and Marshall J. Piccinini, Assistant United States Attorney for said district, and states as follows:

The defendant has filed a Position with Respect to Sentencing Factors, advocating that a sentence within the advisory Sentencing Guideline range is greater than necessary to achieve the goals of sentencing. The defendant's argument should be rejected by the Court, and a sentence within the advisory Guideline range is appropriate.

The crux of the defendant's argument is that the most time he has spent in jail on his previous eleven adult criminal convictions is one year. Thus, he claims that it would be improper to sentence him within the advisory range of 140 to 175 months because such a sentence would vastly exceed his prior sentences. In light of the lenient sentences that he has previously received,

the defendant claims that his situation is vastly different from other individuals who are facing the same Sentencing Guideline range. The defendant claims that his situation is unique.[1]

The defendant's argument fails because it inordinately focuses on his prior sentences to the exclusion of all other factors required to be considered by this Court. Consideration of all of the relevant sentencing factors supports a sentence within the Guideline range. This Court is free to sentence the defendant, after consideration of the guidelines and other statutory factors, to any legal sentence that the Court deems just. If this Court sees the wisdom of the sentence recommended by the expert Sentencing Commission's Guidelines, it certainly may impose a sentence consistent with those Guidelines, after considering all of the statutory factors in Title 18, United States Code, Section 3553(a). Section 3553 provides in pertinent part as follows:

> (a) **Factors to be considered in imposing a sentence**.--The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider--

---

[1] The United States would note that today alone, the undersigned AUSA has responded to three Sentencing Guideline challenges before this Court in which each drug trafficking defendant has claimed that his situation is unique. Interestingly, however, each of these three defendants has claimed that their situation is unique in the exact same way. Obviously, these defendants' situations are not unique, they are typical. Each of these defendants with similar backgrounds face similar Sentencing Guideline ranges for similar drug trafficking offenses. See U.S. v. Fleetwood, 05-11 Erie, and U.S. v. Arney, 05-12 Erie.

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed--
>
> > (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> > (B) to afford adequate deterrence to criminal conduct;
> > (C) to protect the public from further crimes of the defendant; and
> > (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for--
>
> > (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines-
> > > (I) issued by the Sentencing Commission...
>
> (5) any pertinent policy statement-
>
> > (A) issued by the Sentencing Commission ...
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. Section 3553.

The nature and circumstances of Bennafield's offense as well as his history and characteristics, support a sentence in the range of 140 to 175 months. As this Court is aware, the EAGLE task

force and the Erie Bureau of Police were conducting an investigation into the activity of Cleveland, Ohio area drug dealers in and around the Erie, Pennsylvania area who were believed to be involved in the trafficking of crack cocaine. On March 2, 2005 the Erie Police executed a search warrant on East 10th street, Erie, Pennsylvania and discovered a quantity of crack cocaine. The residents at the address immediately cooperated and indicated that the defendant, known to them as Kenny from Cleveland, was their cocaine supplier. The defendant then sold 67.6 grams of crack cocaine to the cooperating informant.

The defendant's history reflects that since the age of 18 he has been arrested 15 times. Those 15 arrests resulted in 11 adult convictions. Ten of the defendant's 11 convictions were drug related. The crack cocaine distribution that is currently before this Court represents the defendant's fourth conviction for the distribution or possession with intent to distribute crack cocaine. Since the State of Ohio only provided for a one year maximum penalty for the drug trafficking offenses, those convictions did not meet the requirements for Career Offender treatment under U.S.S.G. section 4B1.1. If the maximum penalty under Ohio law would have exceeded one year, the defendant's career offender Guideline range would have been 262-327 months. Although the highest sentence Bennafield received from his prior drug trafficking convictions was one year in prison, the quantity of crack cocaine involved in those offenses was significantly less

(between 10 and 50 times less) than the quantity involved in this federal case.  Thus, the nature and circumstances of this case are quite serious.  The history and characteristics of the defendant in no way cry out for leniency.  On the contrary, Bennafield's history and characteristics have earned him a lengthy federal sentence.  Of note, is the fact that the Sentencing Guideline calculations fail to consider that not only does Bennafield continue to engage in criminal activity, but in addition, he continues to engage in the same drug dealing activity for which he has suffered previous convictions.  In addition, the defendant's history reflects the fact that he was sentenced too leniently on his last eleven convictions.  It does not reflect why this court ought to treat him leniently again.

The defendant's request for the Court to focus its' sentencing consideration exclusively on the length of his prior sentences, also fails to consider the need for the recommended sentence to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; and to protect the public from further crimes of the defendant.  Each of these factors weigh in favor of a sentence within the Guidelines range.

As this court considers the need to avoid unwarranted disparities among defendant's with similar backgrounds and similar conduct, the structure and advice of the Sentencing Commission provides sound guidance.  This Court will continue to issue

sentences to defendant's who are similarly situated to Mr. Bennafield. In cases such as this one, where consideration of the other statutory factors in Section 3553 do not weigh in favor of the defendant, a Guideline range sentence is reasonable.

Bennafield claims that the mandatory minimum sentence of 120 months is sufficient punishment for him. This minimum punishment, however, apples to any individual who is convicted of a drug trafficking offense involving 50 grams or more of crack cocaine. A defendant with nor prior drug dealing convictions, and even with no prior involvement with law enforcement whatsoever, would face the 120 month sentence. To impose such a sentence on Bennafield would completely disregard the sentencing factors set forth in Section 3553, which properly consider salient factors that are necessary to arrive at an appropriate sentence. Each of those factors weigh against Bennafield and call for a sentence higher than the mandatory minimum. In this regard, the Sentencing Guideline calculations are a product of considered wisdom, and in this case, call for an appropriate sentence.

The defendant's Position with Respect to Sentencing Factors should be rejected.

                                        Respectfully submitted,

                                        MARY BETH BUCHANAN
                                        United States Attorney

                                        s/Marshall J. Piccinini
                                        MARSHALL J. PICCININI
                                        Assistant U.S. Attorney
                                        PA ID No. 56362

Case 1:05-cr-00012-MBC    Document 23    Filed 03/10/2006    Page 7 of 7