IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


UNITED STATES OF AMERICA

     v.            CRIMINAL NO. 05-12 ERIE

SHAUN LANAIL BENNAFIELD



CHANGE OF PLEA




Proceedings held before the HONORABLE

SEAN J. McLAUGHLIN, U.S. District Judge,

in Courtroom C, U.S. Courthouse, Erie,

Pennsylvania, on Thursday, November 10, 2005.




APPEARANCES:
        MARSHALL J. PICCININI, Assistant United States
        Attorney, appearing on behalf of the Government.

        THOMAS W. PATTON, Esquire, appearing on behalf

of the Defendant.

Ronald J. Bench, RMR - Official Court Reporter

2

1          P R O C E E D I N G S

2

3          (Whereupon, the proceedings began at 1:30 p.m., on

4    Thursday, November 10, 2005, in Courtroom C.)

5

6          THE COURT:  Mr. Bennafield, I'm informed that you

7    wish to change the plea that you previously entered at Count

8    One of Indictment No. 05-12 Erie to a plea of guilty, is that

9    correct?

10          THE DEFENDANT:  Yes.

11          THE COURT:  All right.  Before accepting your guilty

12   plea, there are a number of questions that I will ask you to

13   make certain it is a valid plea.  If you do not understand any

14  question, please tell me and I will explain it to you.  If at

15  anytime you wish to consult with your attorney, please tell me

16  that and I will give you an opportunity to consult.  I give you

17  these instructions because it is essential to a valid plea that

18  you understand every question before you answer it.

19          Would you please administer the oath to Mr.

20  Bennafield.

21          THE CLERK:  Could you raise your right hand.

22          (Whereupon, the Defendant, SHAUN LANAIL BENNAFIELD,

23  was sworn.)

24          THE COURT:  Do you understand that now that you have

25  been sworn, your answers to my questions are subject to the

3

1  penalties of perjury or of making a false statement if you do

2  not answer truthfully?

3          THE DEFENDANT:  Yes.

4          THE COURT:  Would you please me your full name?

5          THE DEFENDANT:  Shaun Lanail Bennafield.

6          THE COURT:  How old are you?

7          THE DEFENDANT:  Twenty-eight.

8          THE COURT:  Keep your voice up, Mr. Bennafield.

9          THE DEFENDANT:  Twenty-eight.

10         THE COURT:  How far did you go in school?

11         THE DEFENDANT:  I got my GED and a little bit of

12 community college.

13         THE COURT:  A little bit of community college, all

14 right.  Are you able to communicate in English?

15         THE DEFENDANT:  Yes.

16         THE COURT:  Has he been able to do so, Mr. Patton?

17         MR. PATTON:  Yes, sir.

18         THE COURT:  All right.  Have you taken any drugs or

19 medication, have you drunk any alcoholic beverages in the past

20 24 hours?

21         THE DEFENDANT:  No.

22         THE COURT:  Are you now or have you recently been

23 under the care of a physician or a psychiatrist?

24         THE DEFENDANT:  No.

25         THE COURT:  Are you now or have you recently been

4

1 hospitalized or treated for narcotic addition?

2          THE DEFENDANT:  No.

3           THE COURT:  Do you understand what's happening here

4   today?

5           THE DEFENDANT:  Yes.

6           THE COURT:  Does either counsel have any doubt about

7   the competence of this defendant to plead guilty at this time

8   to the charge contained in the Indictment, Mr. Piccinini?

9           MR. PICCININI:  No, your Honor.

10          THE COURT:  Mr. Patton?

11          MR. PATTON:  No, sir.

12          THE COURT:  I find this defendant is competent to

13   plead.  Do you have a lawyer with you here today?

14          THE DEFENDANT:  Yes.

15          THE COURT:  What's his name?

16          THE DEFENDANT:  Tom Patton.

17          THE COURT:  Have you had a sufficient opportunity to

18   discuss your case with him?

19          THE DEFENDANT:  Yes.

20          THE COURT:  Are you happy with the work that he's

21   done for you?

22          THE DEFENDANT:  Yes.

23          THE COURT:  Do you understand that if you continue

24  to plead not guilty and do not change your plea, you would have

25  the right to be assisted by an attorney at the trial of the

                                    5

1   charge against you?

2         THE DEFENDANT:  Yes.

3         THE COURT:  Do you understand that if you did not

4   enter a guilty plea and that if you qualified financially, you

5   would be entitled to be assisted by an attorney at no cost to

6   you at every phase of the processing of the charge against you?

7         THE DEFENDANT:  Yes.

8         THE COURT:  Do you understand that if you did not

9   plead guilty and that if there were a trial, under the

10  Constitution and laws of the United States, you would be

11  entitled to a speedy trial by a judge and jury on the charge

12  contained in the Indictment?

13        THE DEFENDANT:  Yes.

14        THE COURT:  Do you understand that if there were a

15  trial, you would be presumed to be innocent at the trial of the

16  charge against you?

17        THE DEFENDANT:  Yes.

18          THE COURT:  And do you understand that if there were

19   a trial, the government would be required to prove your guilt

20   by competent evidence and beyond a reasonable doubt before you

21   could be found to be guilty?

22          THE DEFENDANT:  Yes.

23          THE COURT:  Do you understand that if there were a

24   trial, you would not have to prove that you were innocent?

25          THE DEFENDANT:  Yes.


                                6


1          THE COURT:  Do you understand that if there were a

2    trial, the jury would have to be unanimous in order to find you

3    guilty?

4          THE DEFENDANT:  Yes.

5          THE COURT:  Do you understand that if there were a

6    trial, you would have the right to participate in the selection

7    of the jury; that you would have the right to strike or

8    eliminate any prospective juror if it was demonstrated that the

9    juror would be unable to render a fair and impartial verdict;

10    and that you would have the right to strike or eliminate ten

11    jurors from the jury and one alternate juror, without giving

12    any reason at all for so doing?

13         THE DEFENDANT:  Yes.

14         THE COURT:  Do you understand that if there were a

15    trial, the witnesses for the government would have to come to

16    court and testify in your presence?

17         THE DEFENDANT:  Yes.

18         THE COURT:  Do you understand that if there were a

19    trial, your counsel could cross-examine the witnesses for the

20    government, object to evidence offered by the government and

21    then offer evidence on your behalf?

22         THE DEFENDANT:  Yes.

23         THE COURT:  Do you understand that if there were a

24    trial, the government would have to pay witness fees to

25    witnesses which you wished to call on your behalf, if you


                              7


1     qualified as being financially unable to do so?

2          THE DEFENDANT:  Yes.

3          THE COURT:  Do you understand that if there were a

4     trial, you would have the right to testify if you chose to?

5          THE DEFENDANT:  Yes.

6          THE COURT:  Do you understand that if there were a

7  trial, you would have the right not to testify and that no

8  inference or suggestion of guilt could be drawn from the fact

9  that you did not testify?

10          THE DEFENDANT:  Yes.

11          THE COURT:  If you plead guilty and I accept your

12  plea, do you understand that you will waive your right to a

13  trial and the other rights which I have mentioned to you, that

14  there will be no trial, and I will enter a judgment of guilt

15  and sentence you on the basis of your guilty plea after

16  considering a presentence report?

17          THE DEFENDANT:  Yes.

18          MR. PATTON:  Actually, your Honor, it would be Judge

19  Cohill that will do the sentencing.

20          THE COURT:  I apologize, that's quite right.  I'm

21  not going to do it, Judge Cohill is going to sentence you, do

22  you understand?

23          THE DEFENDANT:  Yes.

24          THE COURT:  If you plead guilty, do you understand

25  that you will also have to waive your right not to incriminate

1  yourself, because I'll ask you questions about what you did in

2  order to satisfy myself that you are guilty as charged and you

3  will have to acknowledge your guilt?

4      THE DEFENDANT:  Yes.

5      THE COURT:  Now that I mentioned your rights to you,

6  do still wish to plead guilty?

7      THE DEFENDANT:  Yes.

8      THE COURT:  Have you received a copy of the

9  Indictment naming you and have you discussed with Mr. Patton

10  the charge in the Indictment to which you intend to plead

11  guilty?

12      THE DEFENDANT:  Yes.

13      THE COURT:  Do you understand that you are charged

14  as follows:  "On or about March 2, 2005, in the County of Erie,

15  in the Western District of Pennsylvania, the defendant, Shaun

16  Lanail Bennafield, did knowingly, intentionally and unlawfully

17  possess with intent to distribute and distribute 50 grams or

18  more of a mixture and substance containing a detectable amount

19  of cocaine base, in the form commonly known as crack, a

20  Schedule II controlled substance."  In violation of Title 21,

21  United States Code, Sections 841(a)(1), et seq.  Do you

22  understand the charge?

23        THE DEFENDANT:  Yes.

24        THE COURT:  Do you understand that in order for the

25  crime of possession with intent to distribute and distribution


                                9


1  of 50 grams or more of cocaine base, in violation of Title 21

2  U.S.C. 841(a)(1), et seq., to be established, the government

3  must prove all of the following essential elements beyond a

4  reasonable doubt.

5        That on or about the date set forth, the defendant

6  distributed or possessed with intent to distribute the

7  controlled substance charged in the Indictment.

8        Two.  That the defendant did so knowingly and

9  intentionally.

10        Three.  That cocaine base is a Schedule II

11  controlled substance.

12        And, four, that the mixture or substance containing

13  a detectable amount of cocaine base was 50 grams or more.

14        Do you understand the elements of this crime?

15          THE DEFENDANT:  Yes.

16          THE COURT:  Do you understand that the maximum

17   penalty is a term of imprisonment of not less than 10 years to

18   a maximum of life.

19          A fine not to exceed $4 million.

20          A term of supervised release of at least five years.

21          For a second felony drug conviction that is final,

22   whether federal, state or foreign; a term of imprisonment of

23   not less than twenty years to a maximum of life.

24          A fine not to exceed $8 million.

25          A term of supervised release of at least 10 years.


                              10


1          For a third or subsequent felony drug conviction

2   that is final, whether federal, state or foreign; a mandatory

3   sentence of life imprisonment.

4          A fine not to exceed $8 million.

5          As well as a mandatory special assessment of $100.

6          Do you understand the maximum penalties for this

7   crime?

8          THE DEFENDANT:  Yes.

9          THE COURT:  Now, has anybody made any threat to you

10   or to anyone else that has forced you in any way to plead

11   guilty today?

12          THE DEFENDANT:  No.

13          THE COURT:  Has there been a plea agreement, Mr.

14   Piccinini?

15          MR. PICCININI:  There has not, your Honor.

16          THE COURT:  All right.  Do you understand that the

17   offense to which you are pleading guilty today is a felony

18   offense --

19          MR. PATTON:  Can we have one moment, your Honor?

20          THE COURT:  Yes.

21          (Discussion held off the record between the

22   Defendant and Defense Counsel.)

23          MR. PATTON:  We're ready, your Honor.

24          THE COURT:  All right.  Do you understand that the

25   offense to which you are pleading guilty is a felony offense;


11


1   that if your plea is accepted, you will be adjudged guilty of

2   that offense and that such adjudication may deprive you of

3  valuable civil rights; such as the right to vote, hold public

4  office, serve on a jury, and the right to possess any type of

5  firearm, do you understand that?

6         THE DEFENDANT:  Yes.

7         THE COURT:  Under the Sentencing Reform Act of 1984,

8  the United States Sentencing Commission has issued guidelines

9  for judges to follow in determining sentences in criminal cases

10  for offenses occurring after November 1, 1987.  Have you and

11  your attorney talked about how the Sentencing Guidelines might

12  apply to your case and the fact that the guideline ranges are

13  now advisory by virtue of Supreme Court decisions?

14         THE DEFENDANT:  Yes.

15         THE COURT:  And do you understand that Judge Cohill

16  will not be able to determine the advisory guideline sentence

17  for your case until after the presentence report has been

18  completed, you and the government have had an opportunity to

19  challenge the facts reported by the probation officer?

20         THE DEFENDANT:  Yes.

21         THE COURT:  Do you understand that after it has been

22  determined what guideline sentence applies to a case, the judge

23  has the authority, in some circumstances, to impose a sentence

24  that is more severe or less severe than the sentence called for

25  by the Sentencing Guidelines?


12


1          THE DEFENDANT:  Yes.

2          THE COURT:  Do you understand that under certain

3  circumstances you or the government may have the right to

4  appeal any sentence which Judge Cohill imposes?

5          THE DEFENDANT:  Yes.

6          THE COURT:  Do you understand that parole has been

7  abolished, and that if you are sentenced to a term of

8  imprisonment, you will not be released on parole?

9          THE DEFENDANT:  Yes.

10          THE COURT:  Do you understand that if the sentence

11  is more severe than you expected, you will still be bound by

12  your guilty plea and you will have no right to withdraw it?

13          (Discussion held off the record between the

14  Defendant and Defense Counsel.)

15          THE DEFENDANT:  Yes.

16          THE COURT:  Was there anything about the question

17  that you didn't understand?

18          THE DEFENDANT:  No.

19          THE COURT:  All right.  Except for your discussions

20   with Mr. Patton about the Sentencing Guidelines, has anybody

21   made any prediction or promise to you about what your sentence

22   will be?

23          THE DEFENDANT:  No.

24          THE COURT:  Has anything that I've said here today

25   suggested to you what your actual sentence is going to be?


                                    13


1          THE DEFENDANT:  No.

2          THE COURT:  Have you been instructed by your

3   counsel, by government counsel or by anybody else to respond

4   untruthfully to a question about a promised sentence?

5          THE DEFENDANT:  No.

6          THE COURT:  Mr. Bennafield, did you, as charged in

7   Count One and as previously read to you by me, commit the

8   offense as charged?

9          THE DEFENDANT:  Yes.

10          THE COURT:  All right.  What would be the

11   government's proof here, Mr. Piccinini, if this case proceeded

12   to trial?

13          MR. PICCININI:  Your Honor, if the matter proceeded

14    to trial, the government would provide testimony from the Erie

15    Bureau of Police, as well as the Erie County detective's

16    office, which would establish for the jurors that on March 2,

17    2005, a search warrant was executed at 421 East 10th Street.

18    During the course of that execution of that search warrant, a

19    quantity of crack cocaine was discovered.  Through further

20    investigation it was determined that the supplier of those

21    individuals at that residence was in fact an individual from

22    Cleveland, Ohio, known to those individuals by the nickname

23    Kenny.

24          Those individuals cooperated and provided

25    information concerning Kenny.  And indicated that Kenny had


                              14


1    called earlier that day indicating that he was here in town in

2    Erie and had a quantity of cocaine.  A series of telephone

3    conversations occurred between the individual known to the

4    cooperators as Kenny, culminating in the defendant, known to

5    these individuals as Kenny, calling and indicating that they

6    can meet at Denny's Coin Laundry, a location within the City of

7  Erie.

8          Surveillance officers conducted surveillance at that

9  time, provided instructions to the cooperator, who at the time

10  met with this individual, later identified as the defendant,

11  who then sold to that cooperating witness a quantity of

12  approximately two ounces of cocaine.

13          When law enforcement officers then went to the

14  laundromat, the defendant was present, attempted to initially

15  run from them, was discovered at that time.  He indicated to

16  them that he was not going to run, he wasn't going fight them.

17  And he admitted the bag of dope was sitting right there next to

18  him.  They then retrieved that bag of dope.  They also

19  retrieved a quantity of cocaine that had been sold to the

20  cooperator.  Officers picked up that bag, the defendant

21  identified himself as Kenny and identified himself as Shaun

22  Bennafield.  The defendant had immediately stated words to the

23  effect that I know, and I'm not going to use the complete

24  language, that MFr's was trying to set me up.  The defendant

25  then said later while at the booking counter words to the

15

1    effect, the dude I'm dealing with is working with you all,

2    ain't he, or words to that effect.

3        The cocaine, both that was seized from the ground,

4    as well as what was sold by Mr. Bennafield to the cooperator

5    was sent to the Pennsylvania State Police crime laboratory for

6    testing. And Forensic Scientist II Brett Baylor determined

7    that, those two quantities that were dealing with here in the

8    Indictment, there were 67.6 grams of cocaine base in the form

9    commonly known as crack. That would be the nature of the

10    government's proof.

11        THE COURT: All right. Mr. Bennafield, you just

12    heard everything that Mr. Piccinini has said by way of summary,

13    do you agree with everything he said?

14        (Discussion held off the record between the

15    Defendant and Defense Counsel.)

16        MR. PATTON: Your Honor, the only clarification we

17    would have is that Mr. Bennafield denies making any statement

18    to arresting officers regarding the bag of drugs that was found

19    on the floor of the laundromat next to where Mr. Bennafield was

20    arrested. But he admits to everything else that Mr. Piccinini

21    said.

22        THE COURT:  In other words, he is admitting all of

23   the conduct which is a predicate to the charge that's here, all

24   the necessary elements?

25        MR. PATTON:  That is correct.


16


1        THE COURT:  All right.  He's just not admitting to

2   the comment that he made.

3        MR. PATTON:  That was attributed to him during Mr.

4   Piccinini's factual basis.

5        THE COURT:  All right.  Do you still wish to plead

6   guilty?

7        THE DEFENDANT:  Yes.

8        THE COURT:  Is it your advice that he do so, Mr.

9   Patton?

10        MR. PATTON:  Yes, sir.

11        THE COURT:  Because you acknowledge you are in fact

12   guilty as charged in Count One and because you know about your

13   right to a trial, because you know what the maximum possible

14   penalty is, and because you are voluntarily pleading guilty, I

15   will accept your guilty plea and enter a judgment of guilty on

16  your plea to Count One of Indictment No. 05-12 Erie.

17        It is therefore the finding of the court in the case

18  of United States versus Shaun Lanail Bennafield that this

19  defendant is fully competent and capable of entering an

20  informed plea, his plea of guilty is a knowing and voluntary

21  plea supported by an independent basis in fact containing each

22  of the essential elements thereof and, therefore, the plea is

23  accepted and the defendant is now adjudged guilty of the

24  charge.  Would you please have counsel and the client sign the

25  change of plea.


                                17


1        (Whereupon, the Change of Plea was executed by the

2  Defendant and Defense Counsel.)

3        THE COURT:  Mr. Bennafield, a presentence report

4  will be prepared by the probation officer and it is in your

5  best interests to cooperate with the probation officer in

6  furnishing information for that report, because that report

7  will be important in Judge Cohill's decision about what your

8  sentence will be.  You and your counsel will have the right and

9  will have the opportunity to examine the report before

10    sentencing.

11          The disposition of sentencing in this case is set

12    for March 13th, at 10 a.m., before Judge Cohill.

13

14          (Whereupon, at 1:45 p.m., the Change of Plea

15    proceedings were concluded.)

16

17                    - - -

18

19

20

21

22

23

24

25

                              18


1              C E R T I F I C A T E
               _ _ _ _ _ _ _ _ _ _

2

3

4

5       I, Ronald J. Bench, certify that the foregoing is a

6   correct transcript from the record of proceedings in the

7   above-entitled matter.

8

9

10

11   _____

12   Ronald J. Bench

13

14

15

16

17

18

19

20

21

22

23

24