CA 07-24 E

AO 243 (Rev. 5/85)

**MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY**

Cahill J

| **United States District Court** | District    WESTERN DISTRICT OF PENNSYLVANIA | |
|---|---|---|
| Name of Movant <br> Shaun LANAIL BENNAFIELD | Prisoner No. <br> 20262-068 | Case No. <br> 1:05-CR-00012-MBC-All |
| Place of Confinement <br> F.C.I. ELKTON P.O. BOX 10 Lisbon, Ohio 44432. | | |

| UNITED STATES OF AMERICA | V. | Shaun Lanail Bennafield |
|---|---|---|
| | | (name under which convicted) |

## MOTION

1. Name and location of court which entered the judgment of conviction under attack  U.S. District Court

   Western DISTRICT OF PENNSYLVANIA, P.O. BOX 1820 ERIE, PA 16507.

2. Date of judgment of conviction _____  3-15-2006

3. Length of sentence_____  Term of Imprisonment 144 months.

4. Nature of offense involved (all counts) _____ Count 1: Possession with intent to distribute

   and distribution of 50 grams or more of cocaine base.

   _____

   _____

5. What was your plea? (Check one)
   - (a) Not guilty ☐
   - (b) Guilty ☐
   - (c) Nolo contendere ☐

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

   N/A

   _____

   _____

   _____

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   - (a) Jury ☐
   - (b) Judge only ☐    N/A

7. Did you testify at the trial?
   Yes ☐ No ☐    N/A

8. Did you appeal from the judgment of conviction?
   Yes ☒ No ☐

'07 FEB 14 A10:55
CLERK
U.S. DISTRICT COURT

243 (Rev. 2/95)

9.  If you did appeal, answer the following:

    (a) Name of court ___U.S. Court of Appeals for the third Circuit___

    (b) Result ___Denied___

    (c) Date of result ___9-14-2006___

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any federal court?
    Yes ☐        No ☐

11. If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court ___N/A___

        (2) Nature of proceeding _____

        _____

        (3) Grounds raised _____

        _____

        _____

        _____

        _____

        _____

        (4) Did you receive an evidentiary hearing on your petition, application or motion?

            Yes ☐        No ☐

        (5) Result ___N/A___

        (6) Date of result _____

    (b) As to any second petition, application or motion give the same information:

        (1) Name of court _____

        (2) Nature of proceeding _____

        _____

        (3) Grounds raised _____

        _____

        _____

        _____

        _____

(3)

O 243 (Rev. 2/95)

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐        No ☐      N/A

(5) Result _____

(6) Date of result _____

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
(1) First petition, etc.            Yes ☐        No ☐
(2) Second petition, etc.        Yes ☐        No ☐      N/A

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

N/A

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting the same.

Caution:    If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

AO 243 (Rev. 5/85)

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impanelled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: 6th Amendment Violation Whether, or not defendant's counsel rendered Ineffective Assistance of Counsel.

Supporting FACTS (state *briefly* without citing cases or law) Defendant's counsel Provided him Ineffective assistance at sentencing and during the plea negotiations; Likewise counsel performance prejudiced defendants defense when he did not argue, the below mention issues. (see Exhibit #1)

B. Ground two: Whether, or not defendant's warrantless arrest lacked Probable cause thus, in violation of the Fourth Amendment.

Supporting FACTS (state *briefly* without citing cases or law): The defendant contends that in the instant offense the officers information was not sufficient enough to establish probable cause, or sustain a warrantless arrest. The affidavit lacked information as to the reliability of the informants. The affidavit was a bare bones affidavit.

C. Ground three: 5th Amendment violation Whether, or not defendants criminal history points were calculated incorrectly thus, a misapplication of the Sentencing Guidelines.

Supporting FACTS (state *briefly* without citing cases or law): The defendant contends pursuant to 4al.1(c) of the Sentencing Guidelines, any part of a sentence that is suspended shall not be counted. The defendant's Criminal History points are in violation of 4al.1(c) and 4al.2(a)(2) that states "use longest sentence of imprisonment if, concurrent sentence were imposed. Any ambiguity is in defendant's favor.(see EXHIBIT 2

D. Ground four: _____ Whether, or not the defendant is entitled to an evidentiary hearing. _____

Supporting FACTS (state *briefly* without citing cases or law): _____ The defendant contends this motion raises detailed and specific factual allegations whose resolutions requires information out side of the record, or the judges personal knowledge, or recollection. thus, a hearing must be held. (see exhibits) and (declaration) _____

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them: _____
MY COUNSEL WAS INEFFECTIVE AND HIS PERFORMANCE WAS DEFICIENT FOR NOT PRESENTING THESE GROUNDS PREVIOUSLY.

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
Yes ☐ No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a) At preliminary hearing _____ DAVID G. RIDGE AND J. TIMOTHY GEORGE _____

(b) At arraignment and plea _____ Thomas W. Patton _____

(c) At trial _____ N/A _____

(d) At sentencing _____ Thomas W. Patton _____

AO 243 (Rev. 5/85)

(e) On appeal _____ KAREN SIRIANNI GERLACH _____

_____

(f) In any post-conviction proceeding _____ N/A _____

_____

(g) On appeal from any adverse ruling in a post-conviction proceeding _____ N/A _____

_____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes ☐ No ☒

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐ No ☒

(a) If so, give name and location of court which imposed sentence to be served in the future: _____

_____ N/A _____

_____

(b) Give date and length of the above sentence: _____ N/A _____

_____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐ No ☒

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

_____ Pro-se (Paralegal) Lonnie Broomfield
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

__1-13-07_____
(date)

_____ _Shaun Bennyfield_ _____
Signature of Movant

-1-

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA
        Plaintiff

-VS-                               1:05-CR-00012-MBC-ALL

SHAUN BENNAFIELD
        Defendant

## Memorandum in support of defendant's 28 U.S.C. 8 2255

Comes now the defendant, Shaun Bennafield, Pro-se, in the above styled
cause, before this honorable court, and he respectfully submitts his Motion to
Vacate, Set Aside, or Correct Illegal Sentence. Filed pursuant to Title 28 U.S.C.
§2255. In support of said motion the petitioner presents the following issues sub-
stantively.

## Statement of Jurisdiction

Petitioner is currently serving a 144 month term of imprisonment committed
to the Federal Bureau of Prisons located at F.C.I. Elkton, Ohio 44432. He was
sentence in the United States District of Pennsylvania (Western District) by
the Honorable Judge Maurice B. Cohill. Jurisdiction is properly founded in the
United States District Court for the Western District of Pennsylvania in accor-
dance with Title 28 U.S.C. 2255.

## Statement of Preference

The defendant, SHAUN BENNAFIELD respectfully request this court to liberally
construe this motion and its supporting papers to raise the strongest arguments
they possibly suggest. Prisoners are often unlearned in the law and unfamiliar
with the complicated rules of pleadings. Since they act so often as their own
counsel in Habeas Corpus proceedings we cannot impose on them the same high
standards of the legal art which we might place on the members of the legal

-2-

profession. See **HAINES VS. KERNER**, 519 U.S. 652 (1972)

Standard of Review

Contested issues of law are  reviewed de novo.

## FACTS

The defendant contends that he was arrested without a warrant, or probable cause on March 2, 2005 by the Erie City Police. On April 12, 2005, the Federal Grand Jury returned an indictment on count 1 as to the defendant. On November 10, 2005, the defendant plead guilty without a written plea agreement to sign, or review. On March 13, 2006 the defendant was sentence to 144 months on Count 1 of the indictment. The petitioner filed a notice of appeal on March 27, 2006. On September 14, 2006 the defendants appeal was dismissed. The defendant is now submitting his 28 U.S.C. 2255 to correct his sentence. A sentence that was in violation of the 4th, 5th and 6th Amendments of the Constitution. Also, defendants sentence was a misapplication of the sentencing guideline and in violation of Rule 11 of the F.R.C.P.; thus, defendants sentence must be corrected.

## Arguments

Issue I

Whether or not defendants

counsel rendered ineffective

assistance of counsel during

sentencing and during the plea negotiations

The defendant contends contrary to the Governments belief, a waiver does not bar review, when a defendant challenges the effectiveness of counsel regarding the Plea Agreement itself. See **U.S. v. KHATTAK** 273 F.3d 557, 562 (3rd Cir. 2001)

The defendant contends that his counsel provided him ineffective assistance at sentencing and during the plea negotiations for failing to object and argue

whether there was probable cause to arrest the defendant without the warrant, whether, or not the defendants criminal history points were calculated incorretly whether or not defendants plea was in violation of Rule 11, and whether the defendant should have been granted a probable cause hearing, and or an evidentiary hearing to resolve the disputes.

Likewise, counsel performance prejudiced defendants defense when he did not argue, the above mention issues.

The defendant asserts that counsels performance prejudiced his defense and passes the two components that are required by STRICKLAND V. WASHINGTON 446 U.S. 668, 80 L. 3d 2d 674 104 S. ct 2052. The defendant contends under STRICKLAND That in order to prevail on a claim of ineffective assistance of counsel a convicted defendant must prove both that his counsel's representation was deficient and that the deficent performance prejudiced the defendants case.

The first part of the test is met when the defendant shows that counsel failed to exercise customary skills and diligence that a reasonably competent attorney would have exhibited under similar circumstances.

The second part is met when the defendant shows that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

The defendant contends with respect to the first part of the Strickland test, that when his attorney failed to argue that probable cause did not exist in his warrantless arrest, defendants criminal history points was calculated incorrectly, and whether defendant plea was in violation of Rule 11 of the F.R.C.P. it prejudice his sentence. Futhermore, failure to argue and object to the warrantless arrest and  the incorrect calculation of his criminal points, along with the violation of Rule 11, exposed the defendant to a sentence he otherwise would not have.

All these omissions or acts of counsel shows that counsel failed to exercise the customary skills and diligence that a reasonable competent attorney would have exhibited under similar circumstances and therefore the defendant passes the first part of the Strickland test.

The defendant contends with respect to the second part of the Strickland test, had counsel conducted an appropriate investigation both factual and legal, to determine whether defenses could be developed in the protection of defendants vital interest, counsel would have discovered the following and the result of this proceeding would have been different.

The defendant contends if counsel would have reviewed the arrest warrant thoroughly, counsel would have found out that the affidavit lacked information as to the reliability of the informants and the claimed insufficiency of details about the drug dealing activities of defendant (known to the informants as Kenny) was also, unsubstantiated; therefore, it would have been appropriate for counsel to petition the court to ask for a probable cause hearing. There is a reasonable probability that if the court would have held a probable cause hearing, the evidence would have been surpressed; also, if counsel would have objected to the sentencing guidelines misapplication defendants sentence would have been reduce by 32 months. Futhermore, counsel directed the defendant to plea guilty without a written Plea Agreement that the defendant could read, or understand. The defendant maintains he is not asking the Court to withdraw his plea, but to sentence him analogously to the state plea agreement that he had already negotiated!

**Footnote 1**

The defendant's attorney had already negotiated a plea agreement with the Commonwealth of Pennsylvania. Under the plea agreement negotiated in the States case. The defendant was facing a sentence in the range of three to six years. See (Exhibit One a)

The defendant asserts there is a reasonable probability, that no jury would have found the defendant guilty, beyond a reasonable doubt, because there was no probable cause to arrest the defendant without a warrant and the defendants's plea is invaild without a signed plea agreement to review. Thus, the defendant sentence and proceeding would have been different if counsel would have done an appropriate investigation. Therefore, it was incumbent of counsel to protect petitioner's "vital interest" with regard to exposure to the lesser of penalities. See **U.S. v. PINKNEY** 551 F.2d 1241 at 1250 (D.C. 1976)

The defendant contends that counsel's performance in this instant offense [prejudiced] him because there is a reasonable probability that no jury would have found the defendant guilty beyond a reasonable doubt, because there was no probable cause to arrest him. No jury would hold that a plea agreement is knowingly and intelligibly made without a written plea agreement to review or sign. Without the incorrect calculation of criminal history points and the invaild plea agreement. The defendant's sentence and proceeding would have been different.

## Conculsion

The defendant contends that he has met the two part test of **STRICKLAND V. WASHINGTON** 80 L.ed. 674. The defendant asserts he has shown that counsel's representation was deficent. He has also shown that this deficient performance prejudice his case by showing that there is a reasonable probability that, if not for the deficient performance, the defendant's sentence would have been different; therefore the defendant ask this court to review his issues [substantively] and to grant an Evidentiary Hearing to resolve this dispute.

Issue 2

Whether or not defendant's warrantless arrest lacked probable cause  thus, in violation of the Fourth Amendment.

<u>Argument</u>

In **BECK V. OHIO** 379 U.S. 89, 13 L.ed 2d 142, 85 S.Ct 223. We learn in passing on a warrantless arrest a court must determine whether at the moment the arrest was made the officers had probable cause to make it. Whether at that moment the fact and circumstances within their knowledge and of which they had reasonable trust worthy information, was sufficient to warrant a prudent man in believing that the petitioner had been or was committing an offense. The defendant contends that in the instant offense the officers information was not sufficient enough to establish probable cause or sustain a warrantless arrest.

The defendant asserts that an officers mere knowledge of defendant's phy-sical appearance and previous record alone[2] would not be enough to constitute probable cause, and we should reject that a controlled buy should be per se su-fficient to establish probable cause. See BECK 379 U.S. at 93.

Arresting without a warrant, on the [assumption] that the Magistrate  will no doubt agree with the officers that there is probable cause to arrest at the time, makes a mockery of the Fourth Amendment protection.

The defendant maintains that a determination of probable cause cannot be based on hard certainties and rigid rules instead, in each case, it, is the duty of a court confronted with the question to determine whether the facts and cir-cumstances of the particular affidavit in support of a warrant application just-ified the issuance of the warrant, <u>ILLINOIS V. GATES</u> 462 U.S. 231-32, 76 Led 2d 527, 103 S. Ct 2317.

**Footnote 2**

The officers in this case did not know the defendants physical appearance or his previous record.

The defendant contends that two factors are critical to determining whether an affidavit based on a informant's tips provide a substantial basis for finding probable cause.

1)An explicit and detailed description of alleged wrong doing, along with a statement that the event was observed first hand, entitles [the informants tip] to greater weight than might otherwise be the case.

2)Corroboration of the tip through the officers independent investigative work is significant. **U.S. v. RITTER** 416 F. 3d 275 (3Cir. 2005) also **U.S. v. SONAGERE** 30 F. 3d 51 (6th Cir. 1994)

In the instant offense the affidavit underlying the arrest failed to demonstrate probable cause for the arrest. The defendant contends that the affidavit lacked information as to the reliability of the informants and the claimed insufficiency of details about the drug dealing activities of the defendant given by the informants. We know for a fact that defendant's name is not Kenny, as stated in the affidavit. Since the affiant gave no statement as to why he thought the informants was reliable. The claim of reliability is unsubstantiated.

A mere assertion of reliability without any information regarding the basis for the officers belief, such as past tips leading to arrest, is entitled to only slight weight. **U.S. v. BROWN** 3 F.3d 673 (3rd Cir. 1993)

In the instant offense there was no assertion of reliability of the informant by the affiant.

The defendant also, asserts that there were no exigent circumstances requiring quick police action, or a warrantless arrest. The officers had [5 hours] to obtain a warrant while they were waiting inside the house. Furthermore, the controlled buy was less than ideal. The informant did not wear a wire to record the conversation and the officer did not see an exchange between the defendant and the informant because the southside of the laundry mat (where the officers were) did not have any windows to view any transactions or movement. Before the

arrest the officer had no ideal who Kenny was. The officers had no knowledge of prior drug violations attributed to Kenny. Furthermore, there is no reference in the affidavit of a statue that defendant was suspected of violating nor, does the affidavit alleges that the defendant committed a crime under the state of Pennsylvania.

The defendant contends that the officers did not take every step that could reasonably be expected of them. The officers had 5  hours to obtain a warrant, or any other recording device they should have used in this instance. The poorly organized controlled buy in this case does not offer a corroborative cure for the affidavits deficiencies.

The officers behavior in this case demonstrates not only a misunderstanding of and a disrespect for Fourth Amendment law and the rights of citizens to be free from unreasonable seizures. The only reason that any portion of these charges stand is because of the contraband recovered from defendants person.

The defendant argues that the affidavit presented was a "bare bones" composition of boiler plate language, with a few particularized facts linking this suspect to illegal drugs. An affidavit that states suspicions, beliefs, or conclusions without providing some underlying factual circumstances regarding veracity, reliability and basis of knowledge is a bare bones affidavit. See **AGUILAR** 378 U.S. at 114, 845. Ct. at 1514; in determing whether an affidavit is bare bones, the reviewing court is concerned exclusively with the statements contained within the affidavit itself.

The defendant claims that since the determination of probable cause in this case depended on the information and because the affidavit did not set forth any basis for the magistrate to evalvate the informants statement. The warrant is invalid. The defendant asserts that more police work was needed and the officers limited surveillance was insufficient to verify important elements thus, the

affidavit was a bare bones affidavit and the good faith reliance exception, would not apply to this case.

## Conclusion

The defendant asserts that instead of simply rubber stamping the conclusions of the officers submitting the affidavit this Court should hold a probable cause hearing to  determine if the warrantless arrest was in violation of the Fourth Amendment. Thus, the defendant respectfully asks this court for a probable cause hearing to determine if this warrantless arrest was illegal, and to clear the record for future review.


Respectfully,

_Shaw Bennofield_

Issue 3

Whether or not defendant's criminal history points were calculated inco-
rrectly thus, a misapplication of the sentencing guidelines.

Argument3

The defendant contends pursuant to 4a1.1(c) of the sentencing guidelines,
any part of a sentence that is suspended shall not be counted for the at least
60 days threshold in U.S.S.G. 4A1.1(b). 4A1.2(b)applies only to the portion that
was not suspended. Guideline 4A1,1(b) provides that two criminal history points
are added for each prior sentence of imprisonment of at least sixty days not
counted in (a).

The phrase sentence of incarceration in 4A1.2(b) suggest that physical con-
finement is a key distinction between sentences of imprisoment and other types
of sentences. The critical question is whether he actually served time on those
sentences.

Here in the instant offense the defendant's  PSR No. 29 states: that he
received 2 points under 4A1.1(b), but the defendant actually only served seven
days of physical confinement before the court released him from the Cuyahoga
County jail on February 11, 1997.

Thus, the defendant should not have received two criminal history points
under 4a1.1(b);Furthermore, the defendant received two additional points for No.
39 in his PSR. In this prior sentence the defendant was sentenced to 3 to 6 months,
but 194 days was suspended thus, the defendant did not step foot inside the Erie
county jail. Therefore, should not have received two criminal history points under
4A1.1(b). For this prior conviction either.

The defendants also, argues that no. 33 and nc. 35 should have been counted
as one sentence because they were ran concurrent  According to 4A1.2(a)(2) use
the longest sentence of imprisonment if concurrent sentences were imposed. The

defendant received 2 points for no. 33 and two points for no.33 and no. 35 because they were ran concurrent.

The defendant contends to allow such an assessment of criminal history points as metioned above would be to allow the defendant to be penalized for something the U.S.S.G. has decided not to punish him for. The defendant acknowledges an apparent conflict between 4a1.2(b)(2) and 4A1.2 CMT. 2, but where there is ambiguity in a criminal statue doubts are resolved in favor of the defendant. **U.S. v. MOBLEY** 956 L.2d 450, 45 2 (3 Cir. 1992)

## Conclusion

The defendant's PSR reflects that the defendant has 12 criminal history points. This establishes a criminal history categoroy of V. However, without the criminal history points that was assess to the defendant for numbers 29, 33, and 39; the defendant's criminal history points would be six. Therefore, this would establish a criminal history categoroy of three. Instead of five and defendant's offense level would be level 29 category three 108-135 months.

Finally since the defendant was sentence to the lower end of the guideline, his sentence would be reduce by approximately 32 months. The defendant ask this Court to correct his criminal history points that are in his PSR no. 29, 33 and 39, and to redue his sentence to the lower end of offense level 29, criminal history categoroy. Three 108-135 months. The defendant contends this misapplication of the guidelines has prejudice him and needs to be corrected to clear the record and for justice to be served. Thus, the defendant's ask this honorable court to correct his criminal history points, or hold a evidentiary hearing on the issue and dispute.

Sincerely,

*[signature]*

Issue 4

Whether, or not the defendant is entitled to an evidentiary hearing.

**Argument4**

The defendant contends the District Court must grant a prompt hearing on a
2255 Motion unless the pleadings and records of the case conclusively show that
the defendant is not entitled to any relief. The defendant contends this motion
raises detailed and specific factual allegations whose resolutions requires infor-
mation outside of the record, or the judge's personal knowledge, or recollection.
Thus, a hearing must be held. See **MARCHIBRODA**, 368 U.S. at 487.

If a prisoner's 2255 petition raises an issue of material fact the District
Court must hold a hearing to determine the truth of the allegations. See **U.S. v.
BARTHOLOMEW**, 974 F. 2d. 3a, 41 (5th Cir. 1992)

The defendant contends that this motion cannot be denied without a hearing
because the files and records of the case cannot conclusively show that the pri-
soner is not entitled to relief. **ANDERSON. V. UNITED STATES**, 946 F. 2d 704 (11th Cir.
1991).

The movant is entitled to an evidentiary hearing because the record does not
show conclusively that his contentions are without merit. Therefore, the defendant
ask this Court for an evidentiary hearing.


**CERTIFICATE OF SERVICE**

I Shaun Bennafield, swear that a copy of this 2255 Motion was sent by first
class mail to the person below on _1-13-07_.

Marshall J. Piccinini
U.S. Attorney's office, Room A330
17 South Park Row
Erie, PA 16501

-13-

## FEDERAL DECLARATION

I SHAUN BENNAFIELD SWEAR UNDER THE PENALTY OF PERJURY 28 U.S.C. 1746, THAT THE FOREGOING DECLARATION IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE.

I swear that,

1) There was no probable cause to arrest me.

2) that I did not see a plea agreement, or sign one.

3) That my counsel performance was deficient.

4) That my Criminal History Points are incorrect.

5) That I had a plea arrangement with the Common Wealth of pennsylvania for 3-6 yrs.

I Shaun Bennafield swear the above Declaration is true.

Sincerely

*Shaun Bennafield* 1-13-07
Shaun Bennafield

# *MEMORANDUM*

## *CLERK'S OFFICE*
## *UNITED STATES DISTRICT COURT*
## *WESTERN DISTRICT OF PENNSYLVANIA*

DATE:          OCTOBER 27, 2006

REPLY TO
ATTN OF:    CLERK'S OFFICE

SUBJECT:   DOCKET SHEETS

TO:             SHAUN BENNAFIELD

THIS OFFICE IS IN RECEIPT OF YOUR LETTER REGARDING RECEIVING
COPIES OF DOCUMENTS FILED IN YOUR CASE. COPIES AND DOCKET
SHEETS COST 10 CENTS PER PAGE IF THEY ARE FILED AFTER JULY OF
2005. THERE ARE FOUR PAGES IN THE JUDGMENT AND ONE PAGE IN
THE INDICTMENT. THERE WAS NO PLEA AGREEMENT FILED IN FEDERAL
COURT, NOR IS THERE A COPY OF AN ARREST WARRANT. YOU MAY NEED
TO CONTACT THE COUNTY COURT FOR THOSE ITEMS. ENCLOSED IS A
COPY OF YOUR DOCKET SHEET. HOWEVER, IN THE FUTURE YOU MUST
REMIT A CHECK TO CLERK, U.S. DISTRICT COURT WITH YOUR
REQUEST FOR COPIES.

EXHIBIT (I) CONTINUED

# FEDERAL PUBLIC DEFENDER

### WESTERN DISTRICT OF PENNSYLVANIA
1111 RENAISSANCE CENTRE
1001 STATE STREET
ERIE, PENNSYLVANIA 16501
PHONE: 814/455-8089
FAX: 814/455-8624

**LISA B. FREELAND**
*Federal Public Defender*

**THOMAS W. PATTON**
*Assistant Federal Public Defender*

February 1, 2007

Mr. Shaun Bennafield
Register # 20262-068
FCI Elkton
P.O. Box 10
Lisbon, OH 44432

Dear Mr. Bennafield:

I am writing in response to your letter dated January 24, 2007, wherein you requested a copy of the arrest warrant and the plea agreement. I do not have a copy of an actual arrest warrant, but I am enclosing a copy of the Arrest Processing form and Inventory Form.

There was no written plea agreement in your case. I am enclosing a copy of the form you signed withdrawing your plea of not guilty and entering a plea of guilty.

Very truly yours,

Thomas W. Patton
Assistant Federal Public Defender

TWP/emd
Enclosures

Case 1:05-cr-00012-MBC    Document 35    Filed 02/14/2007    Page 22 of 27
EXHIBIT 1(a)
Case 1:05-cr-00012-MBC    Document 22    Filed 03/10/2006    Page 4 of 5

repeat offender should be proportional to the earlier sentences that failed to deter. The Second

Circuit explained this point in United States v. Mishoe, 241 F.3d 214, 220 (2nd Cir. 2001).

> Obviously, a major reason for imposing an especially long sentence upon those who
> have committed prior offenses is to achieve a deterrent effect that the prior
> punishments failed to achieve. That reason requires an appropriate relationship
> between the sentence for the current offense and the sentences, particularly the times
> served, for the prior offenses. If, for example, a defendant twice served five or six
> years and thereafter committed another serious offense, a current sentence might not
> have an adequate deterrent effect unless it was substantial, perhaps fifteen or twenty
> years. Conversely, if a defendant served no time or only a few months for the prior
> offenses, a sentence of even three or five years for the current offense might be
> expected to have the requisite deterrent effect.

Mr. Bennafield is facing a mandatory minimum sentence of ten years. That sentence is more

than **ten times longer** than the only jail sentence Mr. Bennafield has previously served. Surely

increasing prior sentences by a factor of ten will sufficiently deter both Mr. Bennafield and others

from committing similar crimes. There must be some rationality in sentencing. Mr. Bennafield's

failure to rehabilitate himself following his prior convictions and sentences calls for a lengthy

sentence. The mandatory minimum sentence of ten years achieves that goal. A sentence beyond ten

years is greater than necessary to achieve the goals of sentencing and would violate § 3553(a).

There is one more aspect of Mr. Bennafield's case that is worthy of note. Mr. Bennafield was

originally charged with this offense in the Erie County Court of Common Pleas. Mr. Bennafield

retained Attorney David Ridge to represent him on the charges and Attorney Ridge had negotiated

a plea agreement with the Commonwealth of Pennsylvania at a time when neither Mr. Ridge nor the

Commonwealth were aware that the United States Attorney's Office had decided to charge Mr.

Bennafield federally. Under the plea agreement negotiated in the state case, Mr. Bennafield was

facing a sentence in the range of three to six years or, possibly, five to ten years. While the sentence

file:///A|/BENNPLEA.TXT

9        THE COURT:  Now, has anybody made any threat to you

10  or to anyone else that has forced you in any way to plead

11  guilty today?

12        THE DEFENDANT:  No.

13        THE COURT:  Has there been a plea agreement, Mr.

14  Piccinini?

15        MR. PICCININI:  There has not, your Honor.

16        THE COURT:  All right.  Do you understand that the

17  offense to which you are pleading guilty today is a felony

18  offense --

19        MR. PATTON:  Can we have one moment, your Honor?

20        THE COURT:  Yes.

21        (Discussion held off the record between the

22  Defendant and Defense Counsel.)

23        MR. PATTON:  We're ready, your Honor.

24        THE COURT:  All right.  Do you understand that the

25  offense to which you are pleading guilty is a felony offense;


                         11


1   that if your plea is accepted, you will be adjudged guilty of

2   that offense and that such adjudication may deprive you of

*Sir - this is page 13 of the transcript which indicates there was no plea agreement. Clerk*

CRIMINAL HISTORY     **EXHIBIT "2"**     **18 USCS Appx § 4A1.2**

term of parole, and defendant's criminal history score can be enhanced two points under § 4A1.1(d) if he attempts to illegally reenter country while still subject to term of parole imposed by state prior to his deportation. United States v Carrasco-Mateo (2004, CA1 Puerto Rico) 389 F3d 239.

District court properly enhanced deported defendant's criminal history score based upon prior felony drug conviction and fact that he was still technically on parole for that conviction at time he attempted to illegally reenter country; defendant's deportation did not automatically terminate parole term that was imposed upon him when he was released from prison so that he could be deported; active parole supervision was not required for § 4A1.1(d) to apply. United States v Carrasco-Mateo (2004, CA1 Puerto Rico) 389 F3d 239.

**18. —Supervised release**

Defendant's three year term of supervised release was not extinguished when he was deported, and thus he properly received two points under § 4A1.1(d) for being on supervised release at time of his arrest. United States v Brown (1995, CA5 La) 54 F3d 234.

District court properly added two points pursuant to § 4A1.1(d) for defendant's illegally reentering U.S. while on supervised release, since defendant's deportation did not terminate his sentence of supervised release. United States v Akinyemi (1997, CA7 Ill) 108 F3d 777.

Defendant's commission of five additional bank robberies while serving period of supervised release from sentence imposed on prior bank robbery conviction warranted two point upward departure under § 4A1.3, even though defendant received two criminal history points under § 4A1.1(d) for committing instant offense while under criminal justice sentence, since case was outside "heartland" of § 4A1.1(d); nothing in § 4A1.1(d) distinguishes defendant who commits single offense from someone like defendant who commits multiple offenses while still under earlier sentence. United States v King (1998, CA7 Ind) 150 F3d 644.

**19. Commission of offense level less than two years after release**

Defendant's 24-day detention while awaiting his parole violation hearing did not amount to "imprisonment on a sentence" within meaning of § 4A1.1(e), which provides for addition of two points for committing offense less than two years after release from imprisonment, where parole was not revoked and where sentence was not reimposed. United States v Stewart (1995, CA4 Md) 49 F3d 121 (criticized in United States v Winslow (1997, CA4 NC) 1997 US App LEXIS 32786).

Two additional criminal history points under § 4A1.1(e) were properly added because defendant committed offense within two years of release from

term of juvenile confinement at training school on sentence counted under § 4A1.1(b). United States v Allen (1995, CA8 Iowa) 64 F3d 411.

Defendant who pleaded guilty to conspiracy to distribute that continued for three years was properly given additional criminal history point pursuant to § 4A1.1(e) for committing offense within two years from his release from custody on prior relevant sentence, since defendant's involvement in conspiracy fell within two-year period. United States v Trevino (1997, CA5 Tex) 131 F3d 1140.

Defendant's offense of being found in U.S. after deportation was a continuing offense which commenced with reentry and was not completed until discovery, and because defendant was on parole at time he reentered U.S. and had been released from prison within two years, application of § 4A1.1(d) and (e) was proper. United States v Reyes-Pacheco (2001, CA9 Cal) 248 F3d 942, 2001 CDOS 3888, 2001 Daily Journal DAR 4763.

Where indictment alleges that defendant began devising fraudulent mail fraud scheme within two years of his release from custody but no factual basis in record supports this date, case would be remanded to determine whether defendant qualified for enhancement under § 4A1.1(d) and (e). United States v King (2001, CA9 Cal) 257 F3d 1013, amd, reh den (2001, CA9) 257 F3d 1013, 2001 CDOS 6103, 2001 Daily Journal DAR 7507, amd (2001, CA9 Cal) 2001 CDOS 6645, 2001 Daily Journal DAR 8117.

One point was properly added under § 4A1.1(e) for defendant's committing offense less than two years after having been released from custody exceeding 60 days, since drug defendant's relevant conduct included certain acts that occurred within two years. United States v Williams (2001, CA7 Ill) 272 F3d 845, 58 Fed Rules Evid Serv 822, mod (2002, CA7 Ill) 2002 US App LEXIS 2317 and cert den (2002) 535 US 947, 152 L Ed 2d 243, 122 S Ct 1339.

Pre-sentence report (PSR) was sufficient to support district court's addition of one point under USSG § 4A1.1(e) for commission of offense within two years after defendant's release from imprisonment, notwithstanding defendant's contention that PSR contained incorrect release date, where no contrary evidence was produced to challenge PSR's findings. United States v Riley (2003, CA9 Wash) 335 F3d 919, 2003 CDOS 5998, 2003 Daily Journal DAR 7561.

District court did not err in adding one criminal history point to defendant's criminal history score pursuant to USSG § 4A1.1(e) where record contained ample evidence that defendant had reentered U.S. within two years of release from confinement for prior drug-trafficking conviction United States v Ruiz-Gea (2003, CA10 Utah) 340 F3d 1181 (criticized in United States v Huerta-Moran (2003, CA2 NY) 352 F3d 766).

**§ 4A1.2.  Definitions and Instructions for Computing Criminal History**

(a) Prior Sentence Defined

   (1) The term "prior sentence" means any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of nolo contendere, for conduct not part of the instant offense.

   (2) Prior sentences imposed in unrelated cases are to be counted separately. Prior sentences imposed in related cases are to be treated as one sentence for purposes of § 4A1.1(a), (b), and (c). Use the longest sentence of imprisonment if concurrent sentences were imposed and the aggregate sentence of imprisonment imposed in the case of consecutive sentences.

   (3) A conviction for which the imposition or execution of sentence was totally suspended or stayed shall be counted as a prior sentence under § 4A1.1(c).

   (4) Where a defendant has been convicted of an offense, but not yet sentenced, such convic-

**1315**

### AFFIDAVIT

I SHAUN BENNAFIELD, SWEAR THAT THE FOREGOING STATMENT IS TRUE AND CORRECT.


    I swear that,


1) I have tryed to get the U.S. attorney to send me a copy of my arrest warrant and a copy of the plea agreement.


2) I have sent letters to the U.S. District Court Clerk, asking for a copy of the arrest warrant and I was told there is no arrest warrant in my proceeding.

3) I have sent letters to the Public Defenders Office asking for a copy of the arrest warrant but, I have not received a response.



_____

SHAUN BENNAFIELD



SUBSCRIBED AND SWORN TO BEFORE ME, A NOTARY PUBLIC, IN AND FOR
THE STATE OF _____, City OF _____, THIS DAY OF_____


"AUTHORIZED BY THE ACT OF JULY 27, 1955
TO ADMINISTER OATHS (18 USC 4004)."

_____

CORRECTIONAL TREATMENT SPECIALIST

2/5/07
_____

DATE



CW - 91

# - Barcode Data -

## Comments:

This is an attachment

Queue: parmeter



Name: Shaun Bennafield
Reg.# 2720-068
Federal Correctional Institution Elkton
P.O. BOX 10
Lisbon, OH 44432

CERTIFIED MAIL

7003 1680 0004 6625 9748

FIRST CLASS

Clerk's Office
United States District Court
P.O. Box 1820
Erie Pennsylvania 16507

RECEIVED

FEB 1 4 2007

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA