IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | CR. No. 05-12 Erie |
| | ) | |
| SHAUN LANAIL BENNAFIELD | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION and ORDER**

Defendant Shaun Bennafield has filed a "Petition for Reduction in Sentence Under Fair Sentencing Act H.B. 1789, in Accordance with [18 U.S.C.] § 3582(c)(2)" (Doc. 55) seeking a reduction of his sentence. Mr. Bennafield was sentenced to 144 months' imprisonment on March 13, 2006. His sentence was subsequently reduced to 123 months' imprisonment pursuant to 18 U.S.C. § 3582(c)(2) based on the United States Sentencing Commission's amendment to the Guidelines, which made the so-called "Crack Amendment" retroactive. He now moves for a reduction of his sentence based on the recently enacted Fair Sentencing Act of 2010, which was signed into law on August 3, 2010. Pub.L. 111-220, 124 Stat. 2372 The Fair Sentencing Act raises the threshold quantity of crack cocaine necessary to invoke the statutory minimum prison sentence of 60 months from five grams of crack cocaine to 28 grams. See id. at Sec. 2(a)(2) (amending 21 U.S.C. § 841(b)(1)(B)(iii)).

Pursuant to section 109 of Title 1, also known as the "general savings statute," we must apply the penalties in place at the time the crime was committed, unless the new law expressly provides for retroactive application. 1 U.S.C. § 109 ("repeal of any statute shall not have the effect to release or extinguish any penalty ... incurred under such statute, unless the repealing Act shall so expressly provide, and such statute shall be treated as still remaining in force for the

1

purpose of sustaining any proper action or prosecution for the enforcement of such penalty[.]"). The Fair Sentencing Act contains no statement indicating that the Act is retroactive, and thus cannot be applied retroactively. See United States v. Glover, 2010 WL 4250060, *2 (2d Cir. Oct. 27, 2010); United States v. Carradine, 2010 WL 3619799, at *4-5 (6th Cir. Sept. 20, 2010); United States v. Bell, 2010 WL 4103700, at *10 (7th Cir. Oct. 20, 2010); United States v. Brewer, 2010 WL 4117368, n.7 (8th Cir. Oct. 21, 2010); and United States v. Gomes, 2010 WL 3810872, at *2 (11th Cir. Oct. 1, 2010) (per curiam). Therefore, Mr. Bennafield is not entitled to the benefit of the recently enacted law, and we will deny his petition. Should the Sentencing Commission amend the Guidelines so that the sentencing range on which Mr. Bennafield's sentence was based would be lower, he may be entitled to seek modification of his term of imprisonment under 18 U.S.C. § 3582(c)(2) at some point in the future.

AND NOW, to-wit, this 8th day of November, 2010 it is hereby ORDERED, ADJUDGED and DECREED that "Petition for Reduction in Sentence Under Fair Sentencing Act H.B. 1789, in Accordance with [18 U.S.C.] § 3582(c)(2)" (Doc. 55) be and hereby is DENIED.

*Maurice B. Cohill, Jr.*
Maurice B. Cohill, Jr.
Senior United States District Judge

cc: counsel of record

Shaun L. Bennafield, pro se
No. 20262-068
FCI Elkton
P.O. Box 10
Lisbon, OH 44432